UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

BLAIR WULFEKUHL,  CASE NO.:

    Plaintiff,

v.

BIG BEND COMMUNITY BASED CARE, INC,
d/b/a NORTHWEST FLORIDA HEALTH NETWORK,
a Florida Not For Profit Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, BLAIR WULFEKUHL ("Ms. Wulfekuhl" or "Plaintiff"), files this complaint against Defendant, BIG BEND COMMUNITY BASED CARE, INC, doing business as, NORTHWEST FLORIDA HEALTH NETWORK. ("NWFH" or "Defendant"), and states as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA"), the Americans with Disabilities Act 42 U.S.C. § 12101, *et seq*. ("ADA"), and Chapter 760 of the Florida Civil Rights Act ("FCRA") to recover back pay, an equal amount as liquidated damages, other monetary damages, reinstatement, injunctive relief, equitable relief,

front pay, declaratory relief, punitive damages, and reasonable attorneys' fees and costs.

2. This Court has jurisdiction over Plaintiff's FMLA claims pursuant to 28 U.S.C. §1337 and the FMLA, and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201, *et seq*.

3. This Court has jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331, as they arise under 42 U.S.C. § 12101, *et seq*, and also has supplemental jurisdiction over Plaintiff's FCRA claims, as they arise out of the same operative facts and circumstances as Plaintiff's ADA and FMLA claims.

4. At all times relevant hereto, Plaintiff was an employee of Defendant, and resided in Leon County, Florida.

5. Defendant is a Florida not for profit corporation Company that is located and does business in Leon County, Florida, and is therefore within the jurisdiction of this Court.

6. Plaintiff worked for Defendant in Leon County, Florida, and therefore the proper venue for this case is the Tallahassee Division of the Southern District of Florida.

7. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce which employed 50 or more employees within 75 miles of where Plaintiff worked,

for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

8. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that: (a) plaintiff suffered from a serious health condition as defined by the FMLA, necessitating Plaintiff to take FMLA leave; and (b) she was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

9. Plaintiff is a disabled female. At all times material, Plaintiff was protected during her employment with Defendant by the FCRA and ADA because:

a. Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination and harassment because of her disability or "perceived disability" by Defendant; and

b. Plaintiff was retaliated against and suffered adverse employment action and was subjected to an increasingly hostile work environment as a result of her disability or "perceived disability."

10. Defendant was at all times an "employer" as envisioned by the ADA and FCRA as it employed in excess of fifteen (15) employees.

**CONDITIONS PRECEDENT**

11. On or around January 4, 2022, Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination and retaliation against Defendant.

12. More than 180 days have passed since the filing of the Charge of Discrimination.

13. On or around November 8, 2022, Plaintiff received the EEOC's Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on her claims within 90 days of her receipt of the same.

14. Plaintiff timely files this action within the applicable period of limitations against Defendant.

15. All conditions precedent to this action have been satisfied and/or waived.

**FACTUAL ALLEGATIONS**

16. Ms. Wulfekuhl worked for NWFH, most recently as a Quality Analysis Specialist, from November 1, 2011, until her termination on March 22, 2021.

17. During her many years with NWFH, Ms. Wulfekuhl was an excellent employee, and had no significant history of non-medical attendance, tardiness, or disciplinary issues.

18. Unfortunately, as NWFH was aware, in 2020 and into 2021, Ms. Wulfekuhl suffered debilitating flareups of ongoing disabilities and serious health conditions, including hyperlipidemia, hypercholesterolemia, premature menopause, premature ovarian failure, urinary incontinence due to an overactive bladder, and chronic interstitial cystitis.

19. Due to her urinary issues, which she had suffered from for many years, Ms. Wulfekuhl had previously had an InterStim implantable device inserted inside of her to help control bladder function, a major life activity.

20. On May 18, 2020, Ms. Wulfekuhl underwent a procedure in an attempt to fix her InterStim device, which was not operating optimally.

21. Unfortunately, problems continued and in November of 2020, Ms. Wulfekuhl advised her NWFH Supervisors that in early December of 2020, she would need to undergo another procedure to have the InterStim device removed.

22. Ms. Wulfekuhl's disclosures should have prompted NWFH to provide Ms. Wulfekuhl FMLA paperwork, engage with Ms. Wilfekuhl in the ADA/FCRA interactive process, and to advise her of her rights and responsibilities under the FMLA, however NWFH failed to do so.

23. Ms. Wulfekuhl underwent the procedure on December 7, 2020.

24. Unfortunately, she then began suffering complications with the surgical wound, which stubbornly refused to heal and eventually became infected.

25. Ms. Wulfekuhl was seen by a specialist for her disability and serious health condition, and complications arising from same, on March 3, 2021

26. Ms. Wulfekuhl had a surgical procedure performed on her wound on March 4, 2021, in order to treat and address this latest disability and serious health condition flareup.

27. Ms. Wulfekuhl naturally then had to attend follow-up visits with her treating physicians.

28. Yet, on March 22, 2021, NWFH informed Ms. Wulfekuhl that, after nearly a decade of loyal service to NWFH and its patients, NWFH had decided to terminate Ms. Wulfekuhl's employment, effective immediately.

29. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

30. Ms. Wulfekuhl's requests for reasonable accommodation/leave are both considered "protected activity," under the FMLA, the ADA, and the FCRA.

31. It is clear that Ms. Wulfekuhl's termination was a result of NWFH's retaliation based on Ms. Wulfekuhl's requests for accommodation for her disabilities, Ms. Wulfekuhl's disabling, serious health conditions, and Ms. Wulfekuhl's need for unpaid FMLA leave in order to treat and address same.

32. Any other "reason" theorized by NWFH for Ms. Wulfekuhl's discharge is pure pretext.

33. NWFH's adverse employment action recounted herein was taken in interference with, and retaliation for, Ms. Wulfekuhl disclosing her serious health conditions, and utilizing what should have been FMLA leave to treat and address same.

34. Because NWFH failed to offer guidance regarding FMLA leave to treat and address her chronic, serious health conditions, NWFH's employment actions aconstituted blatant FMLA interference.

35. Ms. Wulfekuhl was unquestionably engaging in statutorily protected conduct by advising NWFH of her serious health conditions and utilizing what should have been unpaid leave pursuant to the FMLA in order to address the conditions.

36. Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

37. The timing of Plaintiff's use of what should have protected FMLA leave, and Defendant's discharge of her employment, alone demonstrates a causal and temporal connection between her protected activity and the illegal actions taken against her by Defendant.

38. Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for her utilization of protected FMLA leave.

39. Defendant also discriminated against Ms. Wulfekuhl due to her disability, and retaliated against her due to her requests/utilization of reasonable accommodations.

40. An employer is required to provide its disabled employees with a reasonable accommodation, if that reasonable accommodation would allow that employee to perform the essential functions of her job, unless doing so would impose an undue hardship.

41. Ms. Wulfekuhl is an individual with a disability who, with reasonable accommodation, was fully capable of performing the essential functions of her job.

42. Allowing Ms. Wulfekuhl to utilize a period of unpaid leave without penalty or negative repercussions, such as termination, would have been a reasonable accommodation.

43. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA and the FCRA.

44. Defendant was aware of Plaintiff's ADA/FCRA-protected disability and need for accommodation.

45. Defendant, however, being well aware of Plaintiff's condition, discriminated and retaliated against Plaintiff for taking time off work to seek treatment, and for requesting reasonable accommodation.

46. At all times material hereto, Plaintiff was ready, willing and able to perform her job duties and otherwise qualified for her position, with "reasonable accommodation."

47. Pleading in the alternative, Defendant perceived Plaintiff as being "disabled," and therefore unable to perform the essential functions of her position, despite the fact that Plaintiff could perform same with reasonable accommodation.

48. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

49. Pleading in the alternative, Plaintiff's health condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

50. Pleading in the alternative, Plaintiff had no impairment, whatsoever, but was treated by Defendant as having a disability as recognized by the ADA/FCRA.

51. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately termination, because of her disability and/or "perceived disability."

52. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

53. Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

54. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## UNLAWFUL INTERFERENCE UNDER THE FMLA

55. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 2, 4-8, 16-38, and 52-54, above.

56. At all times relevant hereto, Plaintiff was protected by the FMLA.

57. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

58. At all times relevant hereto, Defendant interfered with Plaintiff by harassing her every time she undertook leave and dissuading her from taking FMLA leave.

59. As a result of Defendant's willful and unlawful acts via interfering with Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

60. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding her back pay, an equal amount as liquidated damages, other monetary damages,

equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II
## UNLAWFUL RETALIATION UNDER THE FMLA

61. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 2, 4-8, 16-38, and 52-54, above..

62. At all times relevant hereto, Plaintiff was protected by the FMLA.

63. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

64. At all times relevant hereto, Defendant retaliated against Plaintiff for using FMLA leave and for attempting to utilize FMLA-protected leave.

65. Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff attempted to exercise her rights to take approved leave pursuant to the FMLA.

66. As a result of Defendant's intentional, willful, and unlawful acts by retaliating against Plaintiff for attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

67. As a result of Defendant's willful violations of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding her back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III
## DISCRIMINATION UNDER THE ADA BASED ON DISABILITY

68. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 3-6, 9-32, and 39-52, and 54 above.

69. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

70. The discrimination to which Plaintiff was subjected was based on her disability and/or "perceived disability."

71. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

72. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

73. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

74. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

### COUNT IV
### DISCRIMINATION UNDER THE FLORIDA CIVIL RIGHTS ACT BASED ON DISABILITY

75. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 3-6, 9-32, and 39-52, and 54 above.

76. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA, Chapter 760, Florida Statutes.

77. The discrimination to which Plaintiff was subjected was based on her disability/handicap, or "perceived disability."

78. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

79. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

80. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

81. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT V
## RETALIATION UNDER THE ADA BASED ON DISABILITY

82. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 3-6, 9-32, and 39-52, and 54 above.

83. Plaintiff was terminated within close temporal proximity of her requests for reasonable accommodations based on her disability.

84. Plaintiff's requests constituted protected activity under the ADA.

85. Plaintiff was terminated as a direct result of her requests for reasonable accommodations.

86. Plaintiff's requests for accommodations, and her termination, are causally related.

87. Defendant's stated reasons for Plaintiff's termination are a pretext.

88. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

89. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

90. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

91. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

### COUNT VI
### RETALIATION UNDER THE FLORIDA CIVIL RIGHTS ACT BASED ON DISABILITY

92. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 3-6, 9-32, and 39-52, and 54 above.

93. Plaintiff was terminated within close temporal proximity of her requests for reasonable accommodations based on her disability.

94. Plaintiff's requests constituted protected activity under the FCRA.

95. Plaintiff was terminated as a direct result of her requests for reasonable accommodations.

96. Plaintiff's requests for accommodations, and her termination, are causally related.

97. Defendant's stated reasons for Plaintiff's termination are a pretext.

98. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

99. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

100. Plaintiff is entitled to recover her reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

101. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 5th day of February, 2023.

        Respectfully Submitted,

        ***/s/ Noah E. Storch***
        Noah E. Storch, Esq.
        Florida Bar No. 0085476
        RICHARD CELLER LEGAL, P.A.
        10368 W. SR. 84, Suite 103
        Davie, Florida 33324
        Telephone: (866) 344-9243
        Facsimile:   (954) 337-2771
        E-mail: **noah@floridaovertimelawyer.com**

        *Attorneys for Plaintiff*